## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MICHAEL J. HOLT,
        Appellant,

      v.

DEPARTMENT OF VETERANS
    AFFAIRS,
        Agency.

DOCKET NUMBER
SF-0714-19-0728-I-1

DATE: April 12, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Michael J. Holt</u>, Fayetteville, Georgia, pro se.

<u>Anna Jang</u>, San Francisco, California, for the agency.

## BEFORE

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed his removal by the agency. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2      The administrative judge issued an initial decision on January 31, 2020, affirming the appellant's removal from his position as a Motor Vehicle Operator. Initial Appeal File, Tab 30, Initial Decision (ID).  The initial decision specifically stated that the deadline to file a petition for review was March 6, 2020, and provided information on how to file a petition for review.  ID at 25-29.

¶3      On September 20, 2021, the appellant sent a letter to the Office of the Clerk of the Board stating that he had been informed that his petition for review, which he had previously hand-delivered to the Western Regional Office, had gone missing and was never sent to the Clerk of the Board.[2]  Petition for Review (PFR) File, Tab 1 at 1, 8.  In support of his statement, he attached a letter from the Western Regional Office, dated September 15, 2021, which stated that the office had no record of having received the petition for review that he allegedly hand-delivered to the administrative judge's paralegal "sometime in 2020."  *Id.* at 2.  The appellant also attached a document entitled "Appeal, May 2020," which contained arguments related to his case.  *Id.* at 3-6.

¶4      The Acting Clerk of the Board notified the appellant that, because he filed his petition for review after March 6, 2020, i.e., over 35 days following the issuance of the January 31, 2020 initial decision, it was untimely filed.  PFR File, Tab 2 at 1.  The letter explained to the appellant that the Board's regulations require a petition for review that appears untimely filed to be accompanied by a motion to accept the filing as timely and/or to waive the time limit for good cause, and set the deadline for the appellant to file this motion as October 16, 2021.  *Id.* at 1-2.  On October 29, 2021, the appellant filed his motion to accept

---

[2] The Board received the appellant's submission on September 30, 2021, but the envelope and tracking number provided by the appellant establishes that it was mailed on September 20, 2021.  PFR File, Tab 1 at 1, 8.  Pursuant to 5 C.F.R. § 1201.4(*l*), the date of filing by mail is determined by the postmark date, and thus, the date of the petition for review is September 20, 2021.

the filing as timely and/or to waive the time limit for good cause, attaching an unsigned statement claiming that he had hand-delivered his petition for review to the Washington Regional Office on March 4, 2020. PFR File, Tab 5 at 3-4, 20. The agency has responded in opposition to the appellant's petition for review. PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5      A petition for review generally must be filed within 35 days after the date of the issuance of the initial decision or, if the appellant shows that the initial decision was received more than 5 days after the initial decision was issued, within 30 days after the date the appellant received the initial decision. 5 C.F.R. § 1201.114(e). The Board will waive this time limit only upon a showing of good cause for the delay in filing. 5 C.F.R. § 1201.114(g). To establish good cause for the untimely filing of a petition, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Rivera v. Social Security Administration*, 111 M.S.P.R. 581, ¶ 4 (2009); *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition. *Rivera*, 111 M.S.P.R. 581, ¶ 4; *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶6      The appellant has asserted that his petition for review was timely filed because he hand-delivered it to the administrative judge's clerk on March 4, 2020. PFR File, Tab 5 at 3. It is the appellant's burden of proof, by a preponderance of the evidence, to establish the timeliness of his petition for

review. 5 C.F.R. § 1201.56(b)(2)(B); *see Gaetos v. Department of Veterans Affairs*, 121 M.S.P.R. 201, ¶ 6 (2014) (stating that it is the appellant's burden of proof to establish timeliness of a petition for review). The appellant has not established that he filed his petition for review on March 4, 2020. As an initial matter, the Western Regional Office stated that it had no record of receiving the appellant's petition for review, which it would have had, as its normal practice is to scan documents intended for another Board office and forward it to the Office of the Clerk of the Board upon receipt. PFR File, Tab 1 at 2. However, even if the appellant did hand-deliver his petition for review to the Western Regional Office, the record undermines his claim that he did so on March 4, 2020. First, his September 20, 2021 submission included a document entitled "Appeal, May 2020," indicating that his petition for review was not finalized until May 2020, at least two months after March 4, 2020. *Id.* at 3-6. Furthermore, the first time the appellant asserted that he delivered his petition for review on March 4, 2020, was in response to the Board's acknowledgment letter notifying him that his petition for review may be dismissed as untimely filed. PFR File, Tab 2 at 1-2, Tab 5 at 3. In fact, he did not mention March 4, 2020 as the date of delivery in his September 20, 2021 submission, and it appears that he informed the Western Regional Office that he had delivered the petition for review "sometime in 2020." PFR File, Tab 1 at 1-2. Therefore, given the above, the appellant has not established by preponderant evidence that he filed his petition for review on March 4, 2020.

¶7      Instead, we find that the appellant filed his petition for review on September 20, 2021, and he has not established good cause for the delay in filing. PFR File, Tab 1 at 8. The deadline for filing a petition for review in this appeal was March 6, 2020. ID at 25. The appellant filed his petition for review over 18 months later, on September 20, 2021. Such a filing delay is significant. *Scali v. Office of Personnel Management*, 106 M.S.P.R. 409, ¶¶ 6, 8 (2007) (finding a

filing delay of 1 year was significant); *Little v. Government Printing Office*, 99 M.S.P.R. 292, ¶ 9 (2005) (finding an approximately 18-month filing delay was significant).  We recognize that the appellant is pro se, but the assertions in his filings do not offer a persuasive excuse, show that he acted with due diligence, or set forth circumstances beyond the appellant's control that affected his ability to comply with the filing limit.  PFR File, Tab 1 at 1, Tab 5 at 3-4.  Specifically, assuming the appellant believed he submitted his petition for review in 2020, despite not receiving an acknowledgment order from the Clerk of the Board, he did not contact the Board regarding the status of his petition until on or around September 15, 2021.  PFR File, Tab 1 at 2.  Furthermore, we note that the appellant submitted his motion to accept the petition for review as timely and/or waive the time limit for good cause 13 days after the deadline set forth by the Acting Clerk in the acknowledgment letter.  PFR File, Tab 2 at 2, Tab 5 at 20.  Therefore, even though he was on notice that his petition for review may be dismissed as untimely, he still failed to meet the deadlines set forth by the Board, indicating a pattern of a lack of due diligence and ordinary prudence.  Thus, we do not find that the appellant has established good cause for the delay in filing.

¶8          Accordingly, we dismiss the petition for review as untimely filed.  This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review.  The initial decision remains the final decision of the Board regarding the removal appeal.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular

relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. <u>5 U.S.C. § 7702</u>(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. <u>5 U.S.C. § 7702</u>(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under <u>5 U.S.C. § 2302</u>(b)(8) or other protected activities listed in <u>5 U.S.C. § 2302</u>(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of

competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:        /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.